UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| STEPHEN YOUNG, | ) | |
|---|---|---|
| Petitioner, | ) ) ) | Case No. 16-cv-3386 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| JOHN VARGA, | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Stephen Young petitions this Court for a writ of habeas corpus based on alleged constitutional defects in his conviction and sentence. For the reasons set forth below, Young's petition [5] is denied.

**Background**

Because Young does not present clear and convincing evidence challenging the facts set forth in the Illinois Appellate Court's opinion, those facts are presumed to be correct for the purpose of habeas review and are adopted as set forth below. *See* 28 U.S.C. § 2254(e)(1); *Rever v. Acevedo*, 590 F.3d 533, 537 (7th Cir. 2010).

Following a bench trial, Young was found guilty of heinous battery, aggravated domestic battery, and aggravated battery. Young was sentenced to concurrent terms of six, three, and two years in prison, respectively, with corresponding terms of mandatory supervised release. At trial, the victim, Christopher Hall, testified that he had dated Young for three years, but that their relationship had ended in 2009. On March 21, 2010 at 10:45 a.m., Hall testified that he heard someone knocking on the back door of his house. When he answered the door, he testified that Young was at the door wearing his work uniform. Young and Hall argued, and Hall told Young that he did not have time to talk to him. At that point, Young reached into his right jacket pocket, removed a small bottle,

1

and splashed the contents of the bottle onto Hall's neck, back, shoulder, and chest. Young then fled the scene. Hall testified that the liquid in the bottle caused a burning sensation where it had contacted his skin. He called 911, and was subsequently transported to the hospital.

At trial, Hall further testified that after the preliminary hearing, he had gone to the Cook County Jail to visit Young. Hall explained that Young looked like he had been in a fight. Hall stated that he had still had feelings for Young at that time, and accordingly had tried to help him get out of jail by writing Young a letter attributing the attack to Young's cousin "Jonathan." At trial, however, Hall reaffirmed that it was in fact Young who had attacked him.

The responding police officer testified that Hall had told her that he was attacked by Young, and had given her his description and address. The officer also testified that she had found an empty red box labelled for the disinfectant Creolin in the yard of Hall's house.

The responding paramedic testified that when he arrived at the incident, Hall was wearing a shirt that was soiled and emanating a foul odor. He observed that Hall was in pain and had redness around his neck. After Hall's shirt was removed, the paramedic observed that Hall had suffered first degree burns on his chest, back, and arm.

The parties stipulated that, if called to testify, the emergency room doctor who treated Hall would testify that Hall presented with chemical burns and acidosis covering his left shoulder, mid upper back, left neck, posterior upper arm, and left elbow region, caused by a liquid disinfectant named Creolin. The doctor would also have testified that Hall had informed him that he was assaulted by his ex-boyfriend with a bottle containing a chemical. Finally, the doctor would have testified that he diagnosed Hall with "first degree burns which were caused by a chemical agent," which was consistent with the version of events given by Hall.

The defense presented the testimony of Young's supervisor that on March 21, 2010 Young was working as a patrolling security officer at the Northwestern Women's Hospital. The supervisor

explained that patrol officers move throughout the building to which they are assigned and that a computer system logs when each officer uses their ID card to open electronic locks in the hospital. On the day in question, he testified that Young had swiped his card 13 times between 7:06 AM and 2:48 PM. On cross-examination, however, he admitted that Young's card had not been swiped between 8:22 AM and 11:36 AM. The state then asked the court to take judicial notice of the distance from the hospital to Hall's house, which was approximately 17 miles.

The trial court found Hall guilty of heinous battery, aggravated domestic battery, and aggravated battery. In doing so, the trial court acknowledged Hall's conflicting statement in his letter to Young but stated that it believed Young had committed the crime. With respect to the alibi, the trial court stated:

> There is no doubt there is certainly a window and I did take judicial notice of the distance. I'm familiar with the area downtown and I'm familiar with the area of Bellwood and there's a three-hour window here for travel. 8:22 was a swipe and the next swipe is not until 11:36. We're talking even more than three hours.

The trial court accordingly rejected the partial alibi evidence and found that Young was guilty of the crimes alleged.

Young subsequently appealed his conviction to the Illinois Appellate Court, asserting that (1) there was insufficient evidence to support his conviction, (2) he did not receive a fair trial because the trial court took into consideration its personal knowledge of the travel time between Young's workplace and Hall's house, and (3) his convictions for domestic battery and aggravated battery must be vacated because they violated the Illinois one-act, one-crime rule.

The Illinois Appellate Court found that there was sufficient evidence to support Young's conviction. It further found that Young's argument about the trial court's use of its personal knowledge had been forfeited, and that there was no basis for plain error review. The court, however, did agree with Young's arguments concerning the one-act, one-crime rule, and accordingly

vacated Young's convictions for domestic battery and aggravated battery. Young filed a petition for leave to appeal, which the Illinois Supreme Court denied. Young subsequently filed the present petition, asserting that (1) the evidence was insufficient to convict him of heinous battery; (2) the trial court relied on evidence outside of the record; and (3) his conviction for heinous battery also had to be vacated under the one-act, one-crime rule.

**Legal Standard**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides for habeas corpus relief when, as a result of a state court decision, a criminal defendant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A Federal court can grant a writ of habeas corpus only if the state court's decision constituted an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence presented in that proceeding. *Id.*

**Discussion**

Young first contends that the evidence at trial was insufficient to support his conviction for heinous battery. A court considering the sufficiency of the evidence underlying a defendant's conviction must determine whether any rational trier of fact, construing the evidence in the light most favorable to the state, could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *superseded on other grounds by statute,* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). Because it is undisputed that the Illinois Appellate Court applied the proper legal standard, the question before this Court is thus whether or not that court's application of the standard was objectively reasonable. *McFowler v. Jaimet*, 349 F.3d 436, 446 (7th Cir. 2003). Accordingly, in order for Young to prevail this Court would need to find that it was objectively unreasonable for the Illinois Appellate Court to conclude that a rational trier of fact, after viewing the evidence in the

light most favorable to the state, could have found the essential elements of the alleged crimes beyond a reasonable doubt. *Id.* at 447.

Based on the facts before it, this Court cannot conclude that it was objectively unreasonable for the Illinois Appellate court to decide that a rational trier of fact could have found the essential elements of heinous battery beyond a reasonable doubt. At trial, Hall consistently testified that it was Young who attacked him. Although that testimony conflicted with Hall's statement in his letter to Young, Hall plausibly explained the conflict between that letter and his sworn testimony. Young's alibi, moreover, was only a partial alibi. Young did not swipe his ID card for a three hour period, and three hours would have been sufficient time for Young to travel to and from Hall's house. Moreover, Hall testified that Young was wearing his work uniform, a fact consistent with the theory that Young had left work during the day. Taking all of these facts in the light most favorable to the prosecution, it was objectively reasonable for the Illinois Appellate Court to conclude that a rational trier of fact could have found Young guilty of heinous battery.

Young also contends that the trial court violated his due process rights by taking into consideration the judge's personal knowledge of the travel time between Hall's home and Young's workplace. Young, however, failed to object to the judge's use of his personal knowledge regarding the travel time between Hall's home and Young's workplace at trial or in his post-trial motions. As a result, when Young raised that claim on appeal the appellate court held that Young's claim had not been properly preserved and therefore was forfeited. Under Illinois law, a claim is forfeited when the defendant does not "object to the error at trial and raise the error in a motion for a new trial before the trial court." *People v. McLaurin,* 922 N.E.2d 344, 349, 235 Ill.2d 478 (2009) (citing *People v. Enoch,* 522 N.E.2d 1124, 1129, 122 Ill.2d 176 (1988)).

When a state court denies a petitioner's claim based on an independent and adequate state law ground, that claim is considered to be procedurally defaulted and is not subject to habeas review.

5

A state law ground is independent of the federal issue when it provides an independent basis for the disposition of the case such that the court does not actually address the merits of the federal question. *Kaczmarek v. Rednour,* 627 F.3d 586, 592 (7th Cir. 2010). A state law ground is adequate when it has been proclaimed prior to the court's ruling and regularly followed by the state's courts. *Id.* at 592. When a state court decides a claim on an independent and adequate state law ground it does not reach, and therefore is incapable of having misapplied, federal law. *Szabo v. Walls,* 313 F.3d 392, 395-96 (7th Cir. 2002). Illinois' forfeiture rule is a well-established rule of state law that provided an independent ground to resolve Young's due process claim. Accordingly, that claim is procedurally defaulted. *McLaurin*, 922 N.E.2d at 349.

There are limited circumstances in which a federal court will proceed with habeas review notwithstanding a procedural default. *Lee v. Kemna,* 534 U.S. 362, 363, 122 S.Ct. 877, 151 L.Ed.2d 820 (2002). Specifically, a procedural default may be overlooked when the petitioner demonstrates both cause for the default and prejudice based on that default or when the petitioner establishes that the denial of relief will result in a miscarriage of justice. *Wainwright v. Sykes,* 433 U.S. 72, 86-87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Murray v. Carrier,* 477 U.S. 478, 495-96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), *superseded on other grounds by statute,* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

Young does not allege the existence of cause and prejudice. *See* Murray, 477 U.S. at 488 (recognizing that in order to establish cause a petitioner must identify an external impediment that prevented his claim from being presented in the trial court). Young does contend, however, that if his claim is not considered a fundamental miscarriage of justice will result. In order to establish that a miscarriage of justice will occur, a petitioner must establish their actual innocence by demonstrating that, based all of the available evidence, no reasonable factfinder would have convicted them. *Schlup v. Delo,* 513 U.S. 298, 327-29, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995),

6

*superseded on other grounds by statute,* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). Because Young does not allege the existence of any evidence that was not considered at trial, this Court looks to the evidence at trial to assess whether a reasonable factfinder could have convicted him. As this Court previously discussed in the context of Young's sufficiency of the evidence claim, however, this Court is convinced that the evidence at trial was such that a reasonable factfinder could have found Young guilty of the crimes alleged. Accordingly, this Court will not consider Young's procedurally defaulted due process claim.

Finally, Young contends that the Illinois Appellate Court violated his due process rights by failing to vacate his heinous battery conviction based on the one-act, one-crime rule when it vacated his other two convictions. It is well settled, however, that an error of state law is not a violation of the federal Due Process Clause. *See Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988). As other courts in this district have explained, the one act-one crime rule is an Illinois rule that prevents a defendant from being convicted of more than one offense based on a single underlying physical act. *U.S. ex Rel. King v. Cahill-Masching,* 169 F.Supp.2d 849, 854-55 (N.D.Ill. 2001). Because the one act-one crime rule is a rule of Illinois state law and not a federal law, its violation is not cognizable on habeas review. *Id.* at 855. Accordingly, Young's petition for a writ of habeas corpus is denied.

When a court dismisses a habeas petition, it must issue or deny a certificate of appealability. In order for a certificate of appealability to issue, the applicant must have made a substantial showing of the denial of a constitutional right, such that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). When a habeas petition is dismissed on procedural grounds, the petitioner must additionally show that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. *Id.*

For the reasons stated in this order, this Court finds that Young has not made a substantial showing of the denial of his constitutional rights as he has not demonstrated that a reasonable trier of fact could debate either this court's procedural rulings or its resolution of his constitutional claims. Accordingly, this Court declines to issue a certificate of appealability.

**Conclusion**

For the foregoing reasons, Young's amended petition for a writ of habeas corpus [5] is denied and a certificate of appealability does not enter.

IT IS SO ORDERED.

Date: January 27, 2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge